■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. SEABOARD SURETY COMPANY et al., Defendants. PACIFIC NATIONAL FIRE INSURANCE COMPANY et al., Defendants and Third-Party Plaintiffs-Respondents, v. RILEY STOKER CORPORATION, Third-Party Defendant-Appellant.— Order, entered on May 1, 1963, denying summary judgment unanimously reversed, on the law, with $20 costs and disbursements to appellant, and the motion of third-party defendant granted, with $10 costs. Plaintiff entered into a contract with defendant Interboro Company for the construction of a power plant for Central Islip Hospital. Claiming a breach of that contract, plaintiff brought this action against Interboro and two sureties on the contract. The two sureties brought a third-party action against the Riley Stoker Company (herein Riley) who had a subcontract with Interboro, claiming that Riley breached its contract and that said breach was the ground upon which plaintiff claims that the prime contract was breached by Interboro. Riley moved for summary judgment upon the ground that any claim for breach by it of its contract with Interboro was barred by the six-year Statute of Limitations (Civ. Prac. Act, § 48). There is no dispute but that the six-year statute applied. It appears that Riley supplied and installed the stokers. The installation and an inspection period of 10 days provided for in the subcontract was

completed on June 12, 1953. It further appears that upon completion of the installation plaintiff expressed dissatisfaction with the way the stokers were working. Riley sent representatives to the site who observed the working of the stokers, made suggestions, and assisted in making adjustments. Just how long this activity continued could be deemed a question of fact. However, the record lays this question to rest. Interboro consistently took the position that the stokers supplied by Riley conformed to the contract and Riley had fully performed. It advised Riley that anything further that Riley might do in regard to the stokers would be without Interboro's authority and would not be in connection with Riley's contract with Interboro. Furthermore, Interboro confirmed these instructions by letter dated July 25, 1956. While this letter is within six years of the institution of the cross action, it is clear that it is not the initiation of a new attitude but confirmation of the position that Interboro had adopted and maintained since it had accepted the stokers in 1953, and, in fact, affirms it. It would naturally follow that if there was a breach of Riley's contract with Interboro it must perforce have occurred before that date and, consequently, any action for that breach is barred. Concur — Botein, P. J., McNally, Stevens, Steuer and Bastow, JJ.